## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DELBERT MCNEIL, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-05-601-F** |
| | ) | |
| **DONNIE ANDERSON, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Pursuant to an order entered by United States District Judge Stephen Friot, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein, it is recommended that the complaint be dismissed upon filing.

Plaintiff is currently housed at the James Crabtree Correctional Center in Helena, Oklahoma. Named as Defendants are Donnie Anderson, described as "21 Judicial District Drug Task Force Supervisor" and Rodney Wright, described as a "Lieutenant at the Sheriff's Department." Complaint, p. 1-2. He alleges that both are citizens of Pauls Valley, Oklahoma. His complaint involves an incident that allegedly began at Plaintiff's residence on June 5, 2003, in which he claims that Defendants Anderson and Wright arrested him without probable cause and conspired to use perjury and forged evidence resulting in his life sentence.[1] Complaint, p. 2-4. He also claims discrimination, "being

---

[1]Although Plaintiff fails to provide details of his conviction, Oklahoma Department of Corrections records show that he is currently serving a twenty-one year sentence of imprisonment pursuant to a conviction for manufacture of a controlled dangerous substance, Case No. CF-2003-212, District Court of Garvin County. Oklahoma Department of Corrections, Offender Information, <http://docapp8.

found guilty by a all white jury . . . even after it was Shown that the evidence was forged and planted by the Defendants." Complaint, p. 4.  He seeks actual damages in the amount of $500,000 from each Defendant for "unlawful, malicious and reckless disregard for the Plaintiff's Constitutional Rights to be free from Cruel and Unusual Punishment, and to deter any future conduct of this nature," and $2,000,000 in punitive damages from each Defendant.  Complaint, p. 6.

## I.  SCREENING REQUIREMENT

28 U.S.C. § 1915A provides that  "The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The provision further states that upon such review, the Court shall dismiss any complaint, or any portion thereof, which "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  Also, as Plaintiff's claims involve a civil action "brought with respect to prison conditions," screening is necessary under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(c)(1).  Section 1997e(c)(1) provides:

> The court shall . . . dismiss any action brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted . . . .

---

doc.state.ok.us/servlet/page?_pageid=394&_dad=portal30&_schema=PORTAL30&  doc_num=126259& offender_book_id=257279> (accessed June 21, 2005).

For the reasons set forth below, the undersigned recommends that this action be dismissed without prejudice as premature under the rule in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

## II.  THE RULE IN <u>HECK</u>

In <u>Heck</u>, the Supreme Court held that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." <u>Id.</u> at 481.  In contrast, § 1983 provides the appropriate remedy when the claimant alleges unconstitutional conditions of confinement. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 498-99 (1973).  Thus, it follows that a § 1983 claim is improper if a judgment for the plaintiff "would necessarily imply the invalidity of his conviction or sentence." <u>Heck</u>, 512 U.S. at 487.  In such a case, the complaint must be dismissed unless the plaintiff shows that his conviction or sentence has already been invalidated.  <u>Id.</u>  If a plaintiff cannot make such a showing, habeas relief is the exclusive remedy.  <u>Id.</u>

Certainly an attempt to prove in this case that Defendants conspired to present "forged" evidence and perjured testimony, and that these acts – either alone or together with discrimination in the jury process – led to Plaintiff's conviction, would cast doubt on that conviction. Thus, the undersigned finds that the claims raised by Plaintiff herein do implicate the validity of his conviction and are barred by <u>Heck</u> unless he can demonstrate that his conviction or sentence has been invalidated. <u>Parris v. United States</u>, 45 F.3d 383, 384-85 (10th Cir. 1995) (dismissing <u>Bivens</u> claim against an assistant federal public defender who represented him at trial, on basis of rule established in <u>Heck</u>, since plaintiff claimed that the government's evidence was fabricated, false, and perjured);

Higgins v. City of Tulsa, No. 03-5193, 2004 WL 1447971, at **1-2 (10th Cir. June 29, 2004) (§ 1983 claim that defendants conspired to fabricate incriminating evidence and to conceal exculpatory evidence in order to convict plaintiff barred by Heck because convictions not reversed or otherwise invalidated); Quarterman v. Crank, No. 00- 8015, 2000 WL 988312 (10th Cir. July 6, 2000) (affirming district court's dismissal under Heck of plaintiff's claims that defendants induced perjured testimony, planted evidence, and entrapped and prosecuted her for another's wrongdoing).[2]   Absent a showing that Plaintiff's conviction has been overturned by a state tribunal or executive order, or called into question by the issuance of a writ of habeas corpus, no claim for damages under § 1983 can be stated, and it is therefore recommended that this action be dismissed without prejudice. Heck, 512 U.S. at 486-87.

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that this action be dismissed without prejudice upon filing pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by July 12, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991).

---

[2]Unpublished dispositions cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 22nd day of June, 2005.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE